UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:                                                                                    Case No. 9:12-bk-02265-FMD
                                                                                          Chapter 13

Michael Valone and
Kristie Valone,

        Debtors.
_____/

**MEMORANDUM OPINION SUSTAINING TRUSTEE'S
OBJECTIONS TO PROPERTY CLAIMED AS EXEMPT**

Florida Statute § 222.25(4) permits an individual who does not receive the benefit of Florida's constitutional homestead exemption to claim an expanded exemption in personal property, not to exceed $4,000.00. The Florida Supreme Court ruled in *Osborne v. Dumoulin*[1] that a bankruptcy debtor who does not claim his homestead property as exempt may cease to receive the benefit of Florida's homestead exemption. The court concluded that if the homestead exemption does not otherwise present an obstacle to the bankruptcy trustee's administration of the estate, the debtor is not receiving the benefit of the homestead exemption and is therefore entitled to claim the expanded personal property exemption. The issue presented in this case is whether the *Dumoulin* analysis applies to Chapter 13 debtors who intend to retain their homes.

For the reasons that follow, the Court concludes that a Chapter 13 debtor who intends to retain ownership of his residence throughout the duration of his Chapter 13 case receives the benefit of the homestead exemption and is not entitled to the expanded personal property exemption afforded by Fla. Stat. § 225.25(4).

---

[1] 55 So. 3d 577, 590 (Fla. 2011).

**BACKGROUND**

The facts are not in dispute. Michael Valone and Kristie Valone (the "Debtors") filed a joint voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.[2] In their bankruptcy schedules, the Debtors listed their Florida residence (the "Residence") valued at $104,200.00, subject to a first mortgage in the amount of $149,577.00 and a second mortgage in the amount of $71,884.00.[3]

The Debtors filed a Chapter 13 plan (the "Plan")[4] proposing to make direct payments to the holder of the first mortgage and to "strip off" the second mortgage as a fully unsecured claim pursuant to 11 U.S.C. § 506(a).[5] The Plan provided for the *pro rata* distribution of $3,400.00 to unsecured creditors. Allowed unsecured claims total $11,618.07.[6]

In order for a debtor to obtain confirmation of a Chapter 13 plan, the plan must provide that unsecured claims receive a distribution not less than they would have received in a Chapter 7 liquidation case.[7] In other words, in this case, the Debtors must make payments to the Chapter 13 trustee sufficient to enable the Chapter 13 Trustee to distribute funds to unsecured creditors that are at least as much as the value of the Debtors' non-exempt property.

The Debtors did not claim the Residence as exempt on their *Schedule C – Property Claimed as Exempt*.[8] However, each of the Debtors claimed exemptions for personal property under both article X, section 4(a)(2) of the Florida Constitution *and* under Fla. Stat. § 222.25(4) (2012). The

---

[2] Unless otherwise stated, statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*
[3] Doc. No. 1, pp. 10, 17, 19.
[4] Doc. No. 2.
[5] Section 506(a) provides that a claim secured by a lien on the debtor's property is a secured claim to the extent of the value of the property and an unsecured claim to the extent that the claim exceeds the value of the property. A Chapter 13 debtor is permitted to "strip off" a wholly unsecured junior lien on his principal residence. *See Nobelman v. American Sav. Bank,* 508 U.S. 324, 113 S. Ct. 2016 (1993).
[6] Doc. No. 2, p. 3. This is the total amount of allowed filed claims. In order to receive a distribution in a Chapter 13, a claimant must file a proof of claim. However, the Debtors had scheduled their unsecured claims in the total amount of $76,557.00. (Doc. No. 1, p. 19.)
[7] Section 1325(a)(4).
[8] Doc. No. 1, pp. 15-16.

Florida Constitution permits debtors to exempt $1,000.00 in the value of personal property ($2,000.00 for a husband and wife). In addition, Fla. Stat. § 222.25(4) (frequently referred to as the "wild card exemption") allows debtors who do not receive the benefit of a homestead exemption to claim an expanded personal property exemption of $4,000.00 (or a total of $8,000.00 for a husband and wife).[9]

The wording of Fla. Stat. § 222.25(4) is important. It provides an exemption from attachment, garnishment or other legal process of

> A debtor's interest in personal property, not to exceed $4,000, *if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution.*"[10] (emphasis supplied).

The Chapter 13 Trustee filed his *Amended Trustee's Objection(s) to Property Claimed as Exempt* (Doc. No. 52) (the "Objection"). The Trustee contends that the Debtors, by continuing to own and reside in the Residence, receive the benefit of the Florida homestead exemption and are therefore ineligible to claim the wild card exemption. If the Objection is sustained, the amount that the Debtors must pay into through the Plan will be increased by up to $8,000.00 (possibly less, depending upon the value of their personal property). If the Objection is overruled, the Plan may be confirmed with a smaller distribution to unsecured creditors.

The Debtors have a fallback position: they argue that they are entitled to select which of their property they wish to claim as exempt. The Debtors suggest that because they have not claimed the homestead exemption, the Court should determine the hypothetical liquidation value of

---

[9] *In re Gatto,* 380 B.R. 88 (Bankr. M.D. Fla. 2007).
[10] Article X, § 4(a) of the Florida Constitution provides an exemption from forced sale of

> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.

3

the Residence in order to establish the value of the non-exempt property that they are required to pay into the Plan. In support of this argument, the Debtors report, anecdotally, that Chapter 7 trustees are sometimes successful in selling over-encumbered, underwater property to a third-party purchaser for payment of between $2,500.00 and $10,500.00. The Debtors ask the Court to determine the hypothetical liquidation value of their residence in the hope that its liquidation value will be less than $8,000.00.

At a hearing held on January 24, 2013, based upon the undisputed facts and after hearing arguments of counsel, the Court sustained the Objection. On February 1, 2013, the Court entered its *Order Sustaining Trustee's Amended Objection to Exemptions* (Doc. No 58). The Debtors timely appealed.[11] This Memorandum Opinion supplements the Court's oral ruling and the Order.

Subsequently, on July 5, 2013, the Court entered its order confirming the Plan, subject to reconsideration in the event that the Debtors prevail on their appeal.[12] The distribution to unsecured creditors under the Plan as confirmed is $11,585.00,[13] a substantial increase from the $3,400.00 originally proposed by the Debtor.[14]

## JURISDICTION AND BURDEN OF PROOF

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The Trustee bears the burden of proving that the exemption was not properly claimed.[15]

---

[11] Doc. No. 59.
[12] Doc. No. 106.
[13] *Id.* at p. 9.
[14] Doc. No. 2, p. 3.
[15] Fed. R. Bankr. P. 4003(c).

**DISCUSSION**

In *Dumoulin*, the debtor in a Chapter 7 case did not claim his residence as exempt and indicated in his Statement of Intentions that he intended to "surrender" the residence to the mortgage holder.[16] The Chapter 7 trustee objected to the debtor's wild card exemption claim, arguing that the debtor was receiving the benefits of Florida's homestead exemption. The case was appealed to the Eleventh Circuit of Appeals, who certified the question at issue to the Florida Supreme Court. The Supreme Court reframed the question as:

> Whether for the purpose of the statutory personal property exemption in section 222.25(4), a debtor in bankruptcy receives the benefits of Florida's article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the trustee's administration of the property is not otherwise impeded by the existence of the homestead exemption.[17]

The court held that the "benefits" cited in Fla. Stat. 222.25(4) refer only to the protection of the homestead from the reach of creditors provided by the article X homestead exemption. The court ruled that when a debtor in bankruptcy does not claim the homestead exemption, the debtor effectively surrenders the homestead to the trustee for administration, and that when real property that the debtor has occupied as his homestead "*becomes subject to administration by the trustee*, the debtor has lost the benefits of the homestead exemption."[18] (emphasis supplied). The court further stated that "each case must be decided on its own facts because the debtor in bankruptcy *may still receive the homestead exemption's protections despite failing to assert the homestead exemption.*"[19] (emphasis supplied).

Subsequent to *Dumoulin*, courts have uniformly ruled that a Chapter 7 debtor who intends to retain his residence does not receive the benefit of homestead exemption if he has not claimed the

---

[16] 55. So. 3d at 589.
[17] *Id*. at 580.
[18] *Id*. at 588, citing *In re Bennett*, 395 B.R. 781, 790 (Bankr. M.D. Fla. 2008).
[19] *Id*. at 589.

5

residence as exempt and there is no other impediment to the Chapter 7 trustee's administration of the residence as an asset of the estate.[20] For example, in *In re Iuliano*,[21] the district court affirmed this Court's (pre-*Dumoulin*) ruling that Chapter 7 debtors who intended to retain their residence, rather than surrender it to the secured creditor, did not receive the benefit of the homestead exemption because, when the residence was not claimed exempt, it was made available for administration by the Chapter 7 trustee. The district court (post-*Dumoulin*) further held that the debtors' opposition to the Chapter 7 trustee's motion for turnover of the residence was not an impediment arising from the existence of the homestead exemption that would prevent entitlement to the wild card exemption.[22]

The question then is whether *Dumoulin's* holding, made in the context of a Chapter 7 case, applies equally in a Chapter 13 case in which the debtors seek to retain ownership and residency of their home.[23] The answer hinges on the differences between Chapter 7 and Chapter 13 cases.

In a Chapter 7 case, all property belonging to the debtor as of the commencement of the case is property of the estate.[24] The debtor may exempt property from property of the estate pursuant to state or federal law.[25] The Chapter 7 trustee is charged with collecting and reducing to money the property of the estate,[26] and to distribute property of the estate to claimants in their order of priority.[27] With certain exceptions, the Court grants the debtor a discharge, discharging the debtor

---

[20] See *In re Rodale*, 452 B.R. 290 (Bankr. M.D. Fla. 2011).
[21] 2011 WL 1627172 (M.D. Fla.).
[22] *Id.* at *4.
[23] The Debtors most likely filed a Chapter 13 case because it afforded them the ability to strip off the second mortgage lien from the Residence. The ability of Chapter 7 debtors to strip off junior mortgages is questionable. *See In re McNeal*, 477 F. App'x 562 (11th Cir. 2012) (court permitted Chapter 7 debtor to strip off a wholly unsecured lien, however petition for rehearing en banc is pending, Eleventh Circuit Court of Appeals Case No. 11-11352).
[24] Section 541.
[25] Section 522(b).
[26] Section 704(a)(1).
[27] Section 726.

from all debts that arose before the commencement of the case.[28]  A Chapter 7 case may only be dismissed for cause, after notice and opportunity for a hearing.[29]

In contrast, Chapter 13 is available only to individuals with regular income and who owe less than specified amounts of secured and unsecured debts.[30]  The Chapter 13 trustee is charged with certain duties, but these duties do not include a duty to collect and reduce to money the property of the estate.[31]  Property of the estate includes the property specified in Section 541, as well as property that the debtor acquires after the commencement of the case and postpetition earnings.[32]  Chapter 13 debtors propose a plan that may modify the rights of secured creditors.[33]  They are required to make payments to the trustee in the amount proposed by the plan,[34] and may be required to make those payments for periods up to five years.[35]  Chapter 13 debtors do not receive a discharge until the completion of all payments under the plan, unless the court grants the debtor a hardship discharge.[36]  Unless the case has been converted from a Chapter 7, a Chapter 13 debtor may dismiss his case at any time.[37]

In a case with facts identical to those presented here, *In re Azar*,[38] Bankruptcy Judge K. Rodney May orally ruled that a Chapter 13 debtor who retains his Florida homestead continues to receive the benefit of the homestead exemption over the life of the case even if the debtor has not expressly claimed the property as exempt.[39]  The court found that because Chapter 13 is a "future-

---

[28] Section 727(b); Section 301(b).
[29] Section 707(a).
[30] Section 109(e).
[31] Section 1302(b)(1).
[32] Section 1306(a).
[33] Section 1322.
[34] Section 1326.
[35] Section 1325(b).
[36] Section 1328(a) and (b).
[37] Section 1307(b).
[38] Case No. 8:11-bk-06973-KRM (Bankr. M.D. Fla.).
[39] *See* Case No. 8:11-bk-06973-KRM, Doc. Nos. 20, 27, 28, 29, 36, 37, 38, and 43.

looking process" and because a debtor is protected by the automatic stay during the plan duration, the debtor receives the benefit of the homestead exemption during the life of his Chapter 13 plan.[40] Judge May determined that the very fact a debtor has filed a Chapter 13 case effectively impedes a Chapter 7 trustee from liquidating the estate.[41]

This Court concurs with Judge May's reasoning. A Chapter 13 case, by definition, involves a "future-looking process." A Chapter 13 debtor's residence is protected from forced sale by operation of the automatic stay throughout the duration of the case. *Dumoulin* requires a debtor who wishes to retain his residence and to claim the wild card exemption to "effectively surrender" the residence to the trustee for administration.[42] But, unlike in a Chapter 7 case, a Chapter 13 trustee is not charged with the duty to administer property of the estate, and the debtor's residence never becomes subject to administration by the Chapter 13 trustee. Therefore, a Chapter 13 debtor who proposes to retain his residence during the term of his plan but who does not claim the residence as exempt still receives the homestead exemption's protections despite failing to assert the homestead exemption.

The Debtors in this case chose to file a Chapter 13 case and to avail themselves of the opportunity to strip off the second mortgage from the Residence. The Debtors are receiving the protection of the homestead exemption, and therefore are not entitled to the wild card exemption of Fla. Stat. § 222.25(4).

Having determined that the Debtors may not claim the wild card exemption, there is no need to address the Debtors' alternative argument that the exemption be allowed with the Court ascertaining the hypothetical liquidation value of the Residence for purposes of plan confirmation.

---

[40] *Id.* at Doc. No. 38, transcript pp. 17-18.
[41] The debtor in A*zar* filed a *Motion for Leave to Appeal Interlocutory Order*. The motion was denied by the District Court. (*Id*. at Doc. Nos. 45, 48.)
[42] *Dumoulin*, 55 So. 3d at 588.

8

Accordingly, it is

**ORDERED** that the Trustee's Amended Objections to Property Claimed as Exempt is hereby SUSTAINED.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on September 04, 2013.

Caryl E. Delano
United States Bankruptcy Judge

Trustee, Jon M. Waage, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.